FRANKLIN INSURANCE Co. v. McCREA et al.

Where an insurance policy stipulated that the company should not be liable
to pay the loss till after sixty days, and where the petition was filed against
that company before that time; held, that this premature proceeding might
be corrected by a supplemental petition.

Any want of validity in the notice upon the agent of an insurance company
is waived by subsequent appearance.

A court of equity having acquired jurisdiction over the subject matter for
one purpose, may be invested with jurisdiction for other purposes, even
when they pertain in part to courts of law, so as to secure complete equity
and justice between the parties.

## Appeal from Lee District Court.

Opinion by HALL, J. This was a petition in chancery
by McCrea and others, to reform a marine policy, issued by
the company, and also for a decree for the amount of the
loss incurred. The notice was served upon the local agent
of the company, who keeps an office in the city of Keokuk,
Lee county. By the terms of the policy, the company are
not liable to pay the amount of a loss that might arise,
until after the expiration of sixty days from the time the
loss occurred. This petition was filed before the sixty days
had elapsed, and consequently before the company were
liable to pay.

The defendant below made a special appearance, and
moved to dismiss the petition on the ground that a service
could not be made upon a foreign corporation by service
upon a local agent; and also demurs to the petition, on
the ground that the alledged loss was not due at the time
the suit was brought.

The petitioners obtained leave of the court, and filed a
supplemental petition setting forth that sixty days have
expired since the loss under the policy, and averring that
the sum is due, and praying for complete redress by a
reformation of the policy and decree for the amount due.

Defendant demurs to the supplemental bill.   The demurrer and motion to dismiss both the original and supplemental bill was overruled by the court.   The defendant appeals from those decisions.

The question as to the validity of the notice upon the agent of the company is fully waived by their subsequent appearance and pleading.   The petition, as originally presented, contains sufficient matter to give the court jurisdiction in chancery.   It is within the peculiar province of that court to correct mistakes, and relieve against errors of this kind, and having got jurisdiction for that purpose, they would have the power to go on and complete the remedy, even though, by so doing, they decided upon matters purely pertaining to courts of law.   The only question which the case presents is, whether the plaintiff can, by supplemental petition, so bring forward matter that clearly belongs to a court of law, and thus claim its equitable and legal services, upon the principle that the court having jurisdiction for one purpose, will retain it for all purposes, and do complete and equal justice to all parties.   Upon principle we can see no objection to this course, and the authority in 1 Page Chy. R., 168 ; Story's Equ., &c., § § 336, 339, appear to sanction this view of the case.

The decision of the court below will be affirmed, and the cause remanded for further proceedings.

Decree affirmed.

*Claggett* and *Dixon*, for appellant.

*Reeves* and *Miller*, for appellee.